

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

September 3, 1993

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002-1891

Opinion No. DM-250

Re: Questions relating to service of process in justice courts under the Texas Rules of Civil Procedure (RQ-86)

Dear Mr. Driscoll:

You ask the following two questions about service of process in civil cases commenced in justice of the peace court:[1]

1. Who is allowed to serve process by registered or certified mail and citation by publication?

2. What fee should be charged if service of process by registered or certified mail is made by the clerk of the justice court?

In asking the first question, we understand your concern to be the proper interpretation of rule 536 of the Texas Rules of Civil Procedure[2] which states in part:

> (a) Citation and other notices may be served anywhere by (1) any sheriff or constable or other person authorized by law or, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age. No person who is a party to or interested in the outcome of a suit shall serve any process. *Service by registered or certified mail and citation by publication shall, if requested, be made by the clerk of the court in which the case is pending.* The order authorizing a person to serve process may be made without written motion and no fee shall be imposed for issuance of such order.

---

[1] Justice of the peace courts or "justice courts" have jurisdiction of civil matters as set forth in article V, section 19 of the Texas Constitution and section 27.031 of the Government Code.

[2] The Texas Rules of Civil Procedure generally govern the procedure in all civil actions commenced in the justice, county, and district courts, with certain limited exceptions. *See* Tex. R. Civ. P. 2.

(b) Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by this rule by:

(1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or

(2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto if any is filed. [Emphasis added.]

With regard to your first question, your specific concern about rule 536 is whether the emphasized portion of that rule means that only the clerk of the justice court in which the case is pending can serve process by registered or certified mail and citation by publication. We conclude that the clerk of the justice court in which the case is pending is not the only individual who may serve process by registered or certified mail and citation by publication.

We think the emphasized portion of rule 536 does no more than to establish a duty of the clerk in certain situations in the citation process. This part of rule 536 establishes this duty without nullifying the authority of other persons to serve process by mail or by publication which is granted in other rules of the Texas Rules of Civil Procedure. We think the Texas Supreme Court used "shall, if requested," to indicate that, only when the clerk is *asked* to serve citation by mail or publication must the clerk accomplish such service. It follows that if the clerk is not asked, that sentence does not control who serves citation. Thus, when the clerk is not specifically asked to serve citation by mail or by publication, we must look to other rules to determine who may serve.

Separate rules govern who may serve by mail and who may serve by publication. Rule 536 applies when service is by mail, but not when service is by publication. This is so because part (b) of rule 536 lists the methods of service to be used by the persons authorized in part (a) of rule 536 and that list includes service in person and service by registered or certified mail, but does not include service by publication. Thus, when the clerk of a justice court is not asked to serve by mail, rule 536(a) authorizes service by certified or registered mail by: (1) any sheriff or constable or a person who is authorized by law, or (2) any person authorized by law or by written order of the court who is not less than eighteen years of age. The rule also states that a process server may not be a party to or interested in the outcome of the suit.

The Texas Supreme Court has issued other rules specifically pertaining to citations by publication and their service. *See* Tex. R. Civ. P. 109-117a, 535. Thus, when the clerk of a justice court is not specifically asked to serve by publication, these other rules determine who may so serve.

Part V of the Texas Rules of Civil Procedure, "Rules of Practice in Justice Courts," does not provide a rule about who is authorized to serve by publication in justice court cases. Rule 535 of the Texas Rules of Civil Procedure provides for the service of citation by publication in justice court suits by specifying the time that the defendant must file an answer when citation is by publication, but does not say who may serve citation by publication in justice court cases. However, rule 523 states that "[a]ll rules governing the district and county courts shall also govern the justice courts, insofar as they can be applied, except where otherwise specifically provided by law or these rules." Thus, we think the Texas Supreme Court would rely on the rules for service by publication governing district and county courts. *See* Opinions of Subcommittee on Interpretation of rule following rule 535. According to rule 116, citation by publication "shall be served by the sheriff or any constable of any county of the State of Texas or by the clerk of the court in which the case is pending."

The answer to your second question about the permissible fee a justice court clerk[3] may charge for effecting service of process by registered or certified mail is found in sections 118.121 and 118.122 of the Local Government Code. Section 118.121 states, in part:

> A justice of the peace shall collect the following fees for services rendered to any person:
>
> (a) Services rendered before judgment (Sec. 118.122):
>
> (A) Justice Court................................................$15.00

Section 118.122, "Fees Before Entry of Judgment" provides:

> (a) The fee for "Services rendered before judgment" under Section 118.121(1) is for all required filings of documents and all other processes and procedures in a civil matter in a justice court or small claims court.
>
> (b) The fee is paid by the plaintiff or the party initiating the action, cross action, third party action, or intervention at the time the applicable action is initiated. The fee is paid *only one time* for each of those actions.

We think "all other processes and procedures in a civil matter in a justice court" under section 118.122 includes service of process by registered or certified mail in civil cases. We therefore conclude that pursuant to sections 118.121 and 118.122 of the Local

---

[3]Each justice of the peace may designate one or more persons to serve as clerk of the justice court. Gov't Code § 27.056. The clerk of a justice court may issue citation in the manner provided for justice of the peace by the Texas Rules of Civil Procedure. *Id.* § 27.057.

Government Code, service of process by mail is a "service rendered before judgment" that is included in the $15.00 filing fee established for a civil matter in the justice court. This conclusion dispels the suggestion that the justice of the peace court clerk may charge the same fee as that charged by sheriffs for service of process by mail; the clerk of the *county* court may collect the same fee as that of the sheriff for service by mail. Local Gov't Code §§ 118.052(3)(E), 118.063.

You also suggest that pursuant to section 17.025 of the Texas Civil Practice and Remedies Code, a justice court clerk can collect advance payment for the actual cost of the postage required to serve process by registered or certified mail. That provision states:

> (a) If a public official is required or permitted by law to serve legal process by mail, including process in a suit for delinquent taxes, the official may:
>
> > (1) collect advance payment for the actual cost of the postage required to serve or deliver the process; or
>
> > (2) assess the expense of postage as costs.
>
> (b) Charges under this section are in addition to other charges allowed by law for services performed by the official serving the process.

Civ. Prac. & Rem. Code § 17.025. Pursuant to rule 536, a justice court clerk is a public official permitted to serve legal process by mail. Thus, section 17.025 of the Civil Practice and Remedies Code allows the justice court to collect advance payment for the cost of postage unless another statute exempts the party from paying or posting security. *See, e.g., id.* ch. 6 (generally exempting governmental entities from advance payment of court costs in civil suits); Prob. Code § 12 (exempting a court-appointed executor, guardian, or administrator acting in his fiduciary character from providing security for costs); Tax Code §§ 33.48, 33.49 (exempting taxing units from liability for costs arising in action for collection of delinquent taxes); Attorney General Opinions MW-470, MW-447A (1982). *See generally* 16 TEX. JUR. *Costs* §§ 13, 42.

### S U M M A R Y

Pursuant to rule 536 of the Texas Rules of Civil Procedure, the clerk of a justice court must serve citation by mail or publication if asked to do so. Rule 536 of the Texas Rules of Civil Procedure permits any sheriff, constable or any person authorized by law or any person authorized by court order who is at least eighteen years old to serve process in justice court cases by registered or certified mail. Rule 116 authorizes service by publication in justice court cases by

the sheriff or any constable of any county in Texas or the clerk of the court in which the case is pending. Pursuant to sections 118.121 and 118.122 of the Local Government Code, the justice court clerk may charge a fee of $15.00 for service of process by registered or certified mail. The justice court clerk may collect advance payment for the expense of postage for serving process by mail unless another statute exempts the party from paying such costs.

Very truly yours,

**DAN MORALES**
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kay H. Guajardo
Assistant Attorney General